UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

MATTHEW CULBERTSON,

    Plaintiff,

v.

BSN MEDICAL INC., A FOREIGN PROFIT CORPORATION,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, MATTHEW CULBERTSON ("Mr. Culbertson" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Seminole County, Florida.

4. Plaintiff worked for Defendant in, among others, Seminole County, Florida, and the venue, therefore, for this case is the Orlando Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff reported, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) his mother suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7. Mr. Culbertson worked as a Territory Business Manager for Defendant from October 26, 2005, until his termination on March 2, 2018.

8. Things took a pivotal turn for Mr. Culbertson when his mother was diagnosed with Cancer in November of 2017.

9. As a responsible and dedicated employee, Mr. Culbertson advised his supervisor, Anthony Testeverde ("Mr. Testeverde") of same, and of his need to take time off to care for his mother.

10. Mr. Culbertson's request in this regard, was FMLA protected.

11. In response to this request, Defendant retaliated against, and unlawfully terminated Mr. Culbertson the day after his mother's oncologist submitted FMLA paperwork to Defendant approving the requested leave.

12. Specifically, after twelve (12) years of employment with Defendant, and after he informed Defendant of anticipated FMLA leave, Mr. Culbertson began to receive seemingly unfair job projects which clearly inhibited his ability to excel within the company.

13. More specifically, Mr. Testeverde imposed additional job duties upon Mr. Culbertson, that were not previously expected of him, *i.e.* he demanded that Mr. Culbertson run seminars and conduct product training with buyers approximately 4-5 times per month, while still meeting sales quotas.

14. These demands were not expected of other sales representatives who were not seeking FMLA.

15. Despite the clear unfair/retaliatory treatment, Mr. Culbertson continued to work diligently, despite the distraction of his mother's serious health condition.

16. In short order, Defendant then placed Mr. Culbertson on a sixty (60) day "performance plan" in October of 2017, for the first time in Mr. Culbertson's twelve (12) years of employment.

17. In January 2018, Mr. Culbertson was given FMLA paperwork from Defendant, with the understanding that he was to assess his mother's medical condition during his next visit to her and provide Defendant with specifics of his need for FMLA leave.

18. During the ensuing visit with his mother, Mr. Culbertson witnessed his mother's medical condition and symptoms worsening, and because of same, he provided Defendant with all completed FMLA paperwork (completed by his mother's Oncologist) on March 1, 2018.

19. Surprisingly, Mr. Culbertson was terminated the following day, on March 2, 2018. As I am sure you are aware, terminating a quality employee in retaliation of them exercising their

20. Terminating an employee for requesting FMLA leave is the very definition of interference with, and retaliation toward, his rights under the FMLA. *See* 29 C.F.R. §825.220(a)(2).

21. Defendant's termination of Mr. Culbertson stemmed from its discriminatory animus toward his need for and/or use of FMLA leave.

22. The timing of his termination makes the causal connection between his FMLA request and the final adverse action sufficiently clear.

23. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

24. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

25. Also as a result of the foregoing, Defendant retaliated against Plaintiff for attempting to utilize and/or utilizing what he believed to be proper and authorized FMLA leave.

26. Defendant acted with intent to terminate Plaintiff when he should have been, and was, FMLA covered.

27. Defendant fired Plaintiff because of his need for FMLA protected time away from work.

28. Defendant purposefully and intentionally retaliated against Plaintiff for his attempt to use and/or use of FMLA.

29. Defendant did not have a good faith basis for its actions.

## UNLAWFUL INTERFERENCE UNDER THE FMLA

30. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20, 22-24, 27, and 29 above.

31. At all times relevant hereto, Plaintiff was protected by the FMLA.

32. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his FMLA rights.

33. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

34. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

35. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## UNLAWFUL RETALIATION UNDER THE FMLA

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23, and 25-29, above.

37. At all times relevant hereto, Plaintiff was protected by the FMLA.

38. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his attempted use and/or use of what should have been, FMLA protected leave.

39. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

40.     At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

41.     As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42.      As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 15th day of July 2019.

    Respectfully Submitted,

    */s Noah E. Storch*
    Noah E. Storch, Esq.
    Florida Bar No. 0085476
    Richard D. Guadagnolo
    Florida Bar No. 0109104
    RICHARD CELLER LEGAL, P.A.
    10368 W. SR. 84, Suite 103
    Davie, Florida 33324
    Telephone:  (866) 344-9243
    Facsimile:   (954) 337-2771
    E-mail: noah@floridaovertimelawyer.com
    E-mail: rich@floridaovertimelawyer.com
    *Attorneys for Plaintiff*